IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| LAWRENCE DENNIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 2:05-cv-1713-RBP-TMP |
| | ) |
| U.S DEPARTMENT OF JUSTICE, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OF OPINION**

The magistrate judge filed a report and recommendation on January 31, 2006, recommending that this action, filed pursuant to *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971),[1] be dismissed as frivolous and failing to state a claim upon which relief can be granted under 28 U.S.C. § 1915A(b). (Doc. # 12.) Specifically, the magistrate judge found that plaintiff's claims, the basis of which arose at various intervals between 1997 and 1999, were barred by the applicable two (2) year statute of limitations for personal injury actions. Ala. Code § 6-2-38(1) (1975).

Plaintiff filed objections to the magistrate judge's report and recommendation on February 21, 2006. (Doc. # 15.) Plaintiff contends that on November 19, 2003, while in federal custody on an unrelated conviction, he obtained documents from a Records Officer pertaining to his past offenses and sentence computation data which showed that his parole expired on January 3, 1999. (Doc. # 15 at 2.) Plaintiff reasons that defendants' execution of a warrant for his arrest on April 6, 1999, his arrest pursuant to that warrant on June 14, 1999, and the time plaintiff served in prison before being released on August 13, 1999, were all unlawful since his parole expired on

---

[1] Plaintiff filed his claim pursuant to 42 U.S.C. § 1983. However, the defendants are federal agencies and agents. Thus, *Bivens* is the proper procedural vehicle through which plaintiff must set out his constitutional claims.

January 3, 1999. (Doc. # 15 at 2-3.) Plaintiff argues that since he did not discover defendants' wrongful actions until November 19, 2003, the present action, filed on August 11, 2005, is not barred by the applicable two (2) year statute of limitations. (Doc. # 15 at 2.)[2]

In *Mullinax v. McElhenney*, the Eleventh Circuit Court of Appeals stated the general rule in determining when a § 1983 claim accrues:

> [T]he statute [of limitations for a § 1983 claim] does not begin to run until the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights. Thus Section 1983 actions do not accrue until the plaintiff knows or has reason to know that he has been injured. Nor will a Section 1983 action accrue until the plaintiff is aware or should have been aware who has inflicted the injury.

817 F.2d 711, 716 (11th Cir. 1987) (internal citations omitted). Moreover, "[t]he method for determining the date when a cause of action accrued for purposes of the statute of limitations in § 1983 cases is also used for *Bivens* claims, and the plaintiff's cause of action accrues when he knows or has reason to know of his injury and who has inflicted it." *Erick v. Border Patrol of Fla. State*, 154 Fed. App'x 193, 194 (11th Cir. 2005); *see Kelly v. Serna*, 87 F.3d 1235, 1238-39 (11th Cir. 1996).

---

[2] Plaintiff attempts to argue in the alternative that his claims for false imprisonment and trespass are subject to Ala. Code § 6-2-34 (1975), which provides for a six (6) year statue of limitations for such actions. Plaintiff's argument is without merit. The United States Supreme Court addressed a similar argument in *Owens v. Okure*, 488 U.S. 235 (1989) and held that the proper statute of limitations for a § 1983 action is the forum state's general or residual statute of limitations for personal injury actions. ("We accordingly hold that where state law provides multiple statutes of limitations for personal injury actions, courts considering § 1983 claims should borrow the general or residual statute for personal injury action.") *Id.* at 249-50. The residual statute of limitations for personal injury in Alabama is two (2) years. Ala. Code § 6-2-38(1) (1975). This same statute of limitations is applicable in actions, such as plaintiff's, that are filed pursuant to *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). *See Uboh v. Reno*, 141 Fo.3d 1000 (11th Cir. 1998); *Hatley v. Dep't of Treasury*, 876 F. Supp. 1262, 1268 (S.D. Ala. 1995).

Even if the court assumed that plaintiff's *Bivens* claims did not begin to accrue until November 19, 2003, when he discovered that defendants continued to exercise jurisdiction over his criminal case after his parole expired, plaintiff's claims are still due to be dismissed. Although plaintiff does not request dismissal of the charges against him or release from custody, he does seek money damages for defendants' allegedly unlawful exercise of jurisdiction over his criminal case after his parole expired. The United States Supreme Court held in *Heck v. Humphrey*:

> In order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

512 U.S. 477, 486-87 (1994). The *Heck* rule also applies to *Bivens* damages claims. *Abella v. Rubino*, 63 F.3d 1063, 1065 (11th Cir. 1995). Therefore, when a federal prisoner seeks damages in a *Bivens* action, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction. If that would be the result of the court's action, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. *Heck* at 486-87. Because plaintiff's allegations that defendants unlawfully continued to exercise jurisdiction over his criminal case after his parole expired implicate the federal criminal proceedings which have not been invalidated by a federal court, any request for damages is premature and must be dismissed.

Having carefully reviewed and considered *de novo* all the materials in the court file, including the report and recommendation and the plaintiff's objections thereto, the court does not reach the issue of whether plaintiff's claims are barred by the statute of limitations but instead finds that plaintiff's claims are due to be dismissed based upon the reasoning in *Heck*. However, to the extent the magistrate judge recommended that this action be dismissed, such recommendation is ACCEPTED. Accordingly, the complaint is due to be dismissed for failing to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915A(b). A Final Judgment will be entered.

DATED this 12th day of June, 2006.

*/s/ Robert B. Propst*

**ROBERT B. PROPST**
**SENIOR UNITED STATES DISTRICT JUDGE**